CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RJL

APR 14 2011

JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CURTIS JEFFERSON, | ) | Civil Action No. 7:11-cv-00165 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JUDGE JAMES V. LANE, | ) | By: Hon. Jackson L. Kiser |
| Respondent. | ) | Senior United States District Judge |

Curtis Jefferson, a Virginia inmate proceeding pro se, filed a petition for a writ of mandamus, pursuant to Virginia Code § 8.01-644. Petitioner names as the respondent Judge James V. Lane of the Page County Circuit Court. Petitioner asks me to compel the state court judge to unseal documents in that court's criminal docket so petitioner may complete "post-conviction avenues." Petitioner says that his attorney previously showed him the documents, which are the crime victim's medical records.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

Congress has conferred district courts with the authority to decide only certain types of cases. Under 28 U.S.C. § 1331, the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under 28 U.S.C. § 1343, the district courts have jurisdiction over, inter alia, a case involving a state penitentiary inmate's civil rights. This jurisdiction is not unlimited, however. The United States Supreme Court has repeatedly held that "the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous[,] . . . plainly unsubstantial, . . . or no longer open to discussion." Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (internal quotations and citations omitted). Rule 12(b)(1) authorizes the district court to dismiss a "patently insubstantial complaint . . . for want of subject-matter jurisdiction." Neitzke v. Williams, 490 U.S. 319, 327 n.6 (1989). Furthermore, the court has an independent obligation to evaluate, sua sponte, its subject matter jurisdiction if it is in doubt. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977). See also Apple v. Glenn, 183 F.3d 477, 479-80 (6th Cir. 1999) (finding that complaint may be dismissed sua sponte "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion").

Principles requiring generous construction of pro se pleadings are also not without limits. Beaudett, 775 F.2d at 1277. A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir.1988).

District courts are not required "to conjure up questions never squarely presented to them" or "to construct full blown claims from sentence fragments." Beaudett, 775 F.2d at 1278.

I do not have the jurisdiction under Virginia or federal law to issue a writ of mandamus to a state judge to compel him to unseal a state court record. See Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969) (stating federal courts lack jurisdiction under 28 U.S.C. § 1651 to issue extraordinary writs to state courts). Furthermore, it is well-settled that a judge is "absolutely immune from a claim for damages arising out of his judicial actions." Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985) (citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335 (1872)). "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 355-56 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Id. Accordingly, I dismiss the petition without prejudice as frivolous. See McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (dismissals without prejudice for frivolousness should not be exempted from 28 U.S.C. § 1915(g)).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner.

**ENTER**: This 14th day of April, 2011.

Senior United States District Judge

3